## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICHARD HARJO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-0437-CVE-SH** |
| | ) | |
| **SCOTT TINSLEY, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### OPINION AND ORDER

Petitioner Richard Harjo, an Oklahoma prisoner appearing pro se, seeks federal habeas relief under 28 U.S.C. § 2254, asserting that he is in state custody in violation of federal law pursuant to the criminal judgment entered against him, in Tulsa County District Court Case No. CF-1995-1024.  See Dkt. # 1.  Harjo alleges that his sentence of life without the possibility of parole violates the Eighth Amendment.  See id.  Respondent Scott Tinsley, by and through Gentner F. Drummond, the Attorney General of the State of Oklahoma ("the state"), moves to dismiss the petition for writ of habeas corpus as time-barred.  Dkt. ## 8, 9.  The Court considered:  Harjo's petition for writ of habeas corpus (Dkt. # 1), respondent's pre-answer motion to dismiss petition for writ of habeas corpus as untimely (Dkt. # 8), respondent's brief in support of the motion to dismiss (Dkt. # 9), Harjo's response to the motion to dismiss (Dkt. # 10), and applicable law.  For the following reasons, the Court grants respondent's motion.

### I.    Background

In February 1995, Harjo, Mike Wilson, Billy Don Alverson, and Darwin Brown robbed a local QuikTrip and murdered the store clerk, Richard Yost.  Dkt. # 9-1, at 2.[1]  Harjo was sixteen

---

[1]    The Court's citations refer to the CM/ECF header pagination.

years old at the time.  Id.  The state charged each of the four men with capital murder under alternate theories of first-degree malice murder and first-degree felony murder, and robbery with a dangerous weapon.  Dkt. # 9-4, at 1.  Harjo and Alverson were tried conjointly by dual juries, i.e., each defendant had a separate jury for the joint trial.  Id. at 1-2.  Wilson and Brown were tried conjointly in a separate, dual trial.  Id.  Harjo's jury found him guilty of murder under both alternate theories and guilty of robbery.  Dkt. # 9-1, at 3.  As recommended by the jury, the trial court sentenced Harjo to life without parole ("LWOP") for the murder and life for the robbery.[2]  Id. at 1.

On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") reversed and remanded, in part, with instructions for the trial court to dismiss the judgment and sentence for the robbery conviction because Harjo could not be sentenced for both felony murder and the underlying felony.  Dkt. # 9-1, at 3-4.  The OCCA affirmed the judgment and LWOP sentence for the murder conviction.  Id. at 4-8.  Harjo did not petition the Supreme Court of the United States ("Supreme Court") for a writ of certiorari.  Dkt. # 9-21, at 2.  His judgment and sentence thus became final on February 11, 1999, when the time expired for him to seek further direct review. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012); SUP. CT. R. 13.1; see also Majors v. State, 465 P.3d 223, 224 (Okla. Crim. App. 2020) ("Since Oklahoma confers a right of appeal via statute, a criminal conviction is not final until the conclusion of the direct appeal.").

Harjo petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in November 1999.  Dkt. # 9-4; see Harjo v. Oklahoma, No. 99-CV-0932-CVE.  Harjo alleged that:  (1) the dual jury process denied him a fair trial; and (2) prosecutorial misconduct denied him a fair trial.  Dkt.

---

[2]    Harjo's codefendants were also convicted of first-degree murder; each was sentenced to death.  Dkt. # 9-1, at 2, n.1

2

# 9-4, at 3.  This Court considered both claims on the merits and denied the amended petition in March 2003.  See Dkt. # 9-4.

Harjo filed his first application for state post-conviction relief in June 2013.  Dkt. # 9-5. Harjo challenged his LWOP sentence as unconstitutional based on the Supreme Court's holding in Miller v. Alabama, 567 U.S. 460, 479 (2012), that the Eighth Amendment "forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders."  Id. Harjo also asserted a Sixth Amendment claim alleging that his trial counsel was ineffective.  Id. In October 2013, the state district court denied both claims as procedurally barred but also rejected the Miller claim on the merits.  Dkt. # 9-7.[3]  Harjo did not appeal.  Dkt. # 9-21, at 3.

Harjo again applied for state post-conviction relief in May 2018.  Dkt. # 9-8.  Harjo claimed that: (1) his LWOP sentence was unconstitutional based on Miller and recent decisions that held Miller retroactively applied to cases on collateral review; and (2) the state court lacked jurisdiction to prosecute him pursuant to McGirt v. Oklahoma, 591 U.S. 894 (2020).  Dkt. ## 9-8, 9-9, 9-11, 9-13, 9-14, 9-16.  In March 2023, the state district court denied both claims.  See Dkt. # 9-18, at 1.  Harjo appealed, and the OCCA affirmed the denial of his second application for post-conviction relief on June 16, 2023.  Dkt. # 9-18.

Next, Harjo filed a second petition for writ of habeas corpus on June 13, 2024.  Dkt. # 9-19; see also Harjo v. Harding, No. 24-cv-0282-JDR-CDL.  Harjo presented a Miller-based Eighth Amendment claim, a McGirt-based jurisdictional claim, and an actual innocence claim.  Dkt. # 9-

---

[3]     The state district court reasoned, in part, that Miller did not apply retroactively on collateral review.  Dkt. # 9-7, at 11-13.  It further reasoned, however, that Miller's holding did not help Harjo because Oklahoma permits but does not require a LWOP sentence for murder and Harjo's bifurcated jury trial, wherein the state sought the death penalty, permitted the jury to exercise that discretion by considering Harjo's mitigating evidence.  Id. at 14-16.  In 2016, the Supreme Court subsequently held that Miller does apply retroactively on collateral review.  Montgomery v. Alabama, 577 U.S. 190, 206 (2016).

21, at 4-5. District Judge John D. Russell dismissed the 2024 petition as an unauthorized second or successive habeas petition and declined to transfer the petition to the United States District Court for the Tenth Circuit ("Tenth Circuit"), finding that both claims were barred by the applicable statute of limitations. Dkt. # 9-21. Harjo sought a certificate of appealability ("COA") from the Tenth Circuit to appeal the dismissal of his 2024 petition for lack of jurisdiction as an unauthorized second or successive petition, and he also sought authorization to file a second or successive § 2254 habeas petition. Dkt. # 1, at 16. The Tenth Circuit denied the certificate of appealability but granted authorization for the second or successive habeas petition. Id. at 24.[4] The instant, authorized petition followed. See Dkt. # 1.

Harjo alleges that the OCCA's rejection of his Eighth Amendment claim on post-conviction relief was contrary to, or involved an unreasonable application of, clearly established federal law, specifically Miller, Montgomery, and Jones v. Mississippi, 593 U.S. 98 (2021). Dkt. # 1, at 5-9. Harjo also alleges that he is "actually innocent of the life without parole sentence for he did not kill nor intend to kill the victim." Id. at 12-14. Respondent moves to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A) and (C). Dkt. # 8; Dkt. # 9 at 20-24. Respondent further contends that Harjo is not entitled to equitable tolling or the actual innocence exception. Dkt. # 9, at 24-29. Harjo opposes the motion, and he urges the Court to consider the merits of his Miller claim. See Dkt. # 10.

---

[4]    The Tenth Circuit expressly noted, "[o]ur authorization to file the successive petition does not speak to the timeliness of the authorized § 2254 petition. Timeliness is a merits determination that is outside the scope of our gatekeeping inquiry under § 2244(b)." Dkt. # 1, at 23.

## II.    Applicable limitations period[5]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  These events include:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  Here, Harjo does not identify the provision of § 2244(d)(1) he believes is applicable to his case.  See Dkt. # 1.  Rather, the Court understands Harjo's position to be that his petition is timely because it relates back to his 1999 petition.  Dkt. # 1, at 9-11.

---

[5]    Respondent invites the Court to adopt Judge Russell's determination regarding the timeliness of the 2024 petition as the "law of the case."  Dkt. # 9, at 14-20.  As explained below, the Court ultimately reaches the same conclusion as Judge Russell regarding timeliness.  However, respondent did not provide any authority that the law of the case doctrine applies between different habeas actions commenced by the same habeas petitioner; rather, the authority cited by respondent indicates the doctrine should be applied "in subsequent stages [in] the same case."  Id. at 15 (emphasis added) (quoting Universitas Educ., LLC v. Avon Capital, LLC, 124 F.4th 1231, 1244 (10th Cir. 2024)).  Accordingly, the Court declines respondent's invitation and will address the statute of limitations applicable to the 2025 petition.

### A.  Harjo's argument in favor of timeliness

Harjo claims that his petition is timely under "relation-back" principles.  See Dkt. # 1, at 11 ("Montgomery v. Louisiana, can 'relate back' to the 1999 Petition and Petitioner's Miller 'claim' can be adjudicated on the merits[.]").   Harjo takes the stance that entitlement to authorization pursuant to § 2244(b)(2)(A) relates back to his 1999 petition for timeliness purposes under § 2244(d)(1)(A).  See id. at 10-11.  Harjo presented this position to the Tenth Circuit.  Dkt. # 1, at 21.  The Tenth Circuit rejected this proposition and explained that:

> Harjo argues the district court abused its discretion by dismissing his successive petition instead of transferring it because Miller is retroactively applicable to his claim under § 2244(b)(2)(A), so his "retroactive claim must 'relate back' to the 1999 Petition." COA Appl. At 9-10.  He asserts that because his 1999 petition was "deemed timely," his retroactive claim "cannot be untimely." Id. at 10.  But Harjo does not cite any authority to support this argument.  Neither the authorization section he cites, § 2244(b)(2)(A), nor any other authority we are aware of , supports the proposition that when the Supreme Court announces a new rule of constitutional law and makes it retroactive to cases on collateral review, any new claim relates back to the first habeas petition for timeliness purposes.  If Harjo meets the authorization standard in § 2244(b)(2)(A), then this court may authorize him to file a new habeas petition with the new claim, see § 2244(b)(3)(C).  But there is no such thing as a 'retroactive claim' in this context.  Authorization does not change the considerations for determining whether a claim is timely.

Id. at 21-22 (emphasis added).  The Court agrees with the Tenth Circuit's assessment and rejects Harjo's position.  The Montgomery decision does not render his 2025 petition timely because his 1999 petition was timely.

Having rejected Harjo's relation-back argument, the Court will analyze the AEDPA statute of limitations as it applies to Harjo's 2025 petition.

### B.  28 U.S.C. § 2244(d)(1)(A)

The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).  Therefore, the Court starts with §

2244(d)(1)(A).  As previously stated, Harjo's judgment became final in February 1999.  He had one year, or until February 2000, to file a timely federal habeas petition.  Harjo's 1999 petition did not toll the limitations period.  See Rhines v. Weber, 544 U.S. 269, 272 (2005) (noting that the statute of limitations is not tolled during the pendency of a federal petition).  Further, Harjo's 2013 and 2018 state post-conviction applications did not toll the limitations period because they were filed after his limitations period expired in February 2000.  See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").  Accordingly, Harjo's 2025 petition is untimely pursuant to § 2244(d)(1)(A).

### C.  28 U.S.C. § 2244(d)(1)(C)

Liberally construing Harjo's petition, § 2244(d)(1)(C)[6] is the most relevant provision as it applies to his claim because the Supreme Court held in Montgomery that Miller should be applied retroactively to cases on collateral review.  However, § 2244(d)(1)(C) does not render Harjo's claim timely.

The one-year limitations period under § 2244(d)(1)(C) begins to run on the date the Supreme Court initially recognizes the constitutional right asserted, not on the date the newly recognized right is made retroactively applicable to cases on collateral review.  See Dodd v. United States, 545 U.S. 353, 357 (2005) (interpreting what is now 28 U.S.C. § 2255(f)(3), a provision containing language nearly identical to that in § 2244(d)(1)(C)).  The Tenth Circuit has applied Dodd to § 2244(d)(1)(C).  See Proctor v. Whitten, No. 21-6033, 2021 WL 5755629, at *2 (10th

---

[6]    Harjo contends that § 2244(d)(1)(C) is "inapplicable[.]"  Dkt. # 1, at 9.  Nevertheless, liberally construed, the Court views the facts alleged in the petition as potentially triggering § 2244(d)(1)(C) and analyzes the same.

Cir. Dec. 3, 2021) (unpublished);[7] see also Berry v. Whitten, 827 F. App'x 860, 864 (10th Cir. 2020).

Commencing the statute of limitations the day after Miller was decided, Harjo's one-year limitations period began on June 26, 2012, and would have expired on June 26, 2013. Harjo tolled the limitations period on June 21, 2013, with five days left before the expiration of his one-year limitations period, when he filed his first application for post-conviction relief. Dkt. # 9-8; 28 U.S.C. § 2244(d)(2). The state court denied the first application for post-conviction relief on October 1, 2013, and Harjo did not appeal. Dkt. # 9-21, at 3. Therefore, his limitations period began running again when his thirty-day period to file a notice of appeal expired, on November 2, 2013, and his one-year limitations period expired five days later, on November 7, 2013. See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law" (emphasis in original)).[8] Accordingly, Harjo's 2025 petition, filed well beyond November 7, 2013, is untimely even under § 2244(d)(1)(C).[9]

### D. Equitable tolling

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the

---

[7]   The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

[8]   Harjo's second application for post-conviction relief, did not toll the statute of limitations because it was filed in 2018, after the expiration of his one-year limitations period. Clark, 468 F.3d at 714.

[9]   Harjo did not allege any facts triggering §§ 2244(d)(1)(B) or (D). See Dkt. # 1. Therefore, the Court does not analyze these subsections.

failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, Harjo's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." Vigil v. Jones, 302 F. App'x 801, 804 (10th Cir. 2008) (internal quotations and citation omitted). The Court agrees with respondent that nothing in Harjo's petition indicates that extraordinary circumstances precluded the timely submission of his action. See Dkt. # 9, at 24-25. Thus, equitable tolling is unavailable.

### E. Actual innocence

Finally, Harjo contends that he is "actually innocent of the life without parole sentence for he did not kill nor intend to kill the victim." Dkt. # 1, at 12. A petition otherwise subject to dismissal for untimeliness may be heard on the merits upon a proper showing of actual innocence. See McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). To avail himself of this exception a petitioner must make a colorable showing of factual innocence, not legal innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000); Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995). Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. McQuiggin, 569 U.S at 386, 401; House v. Bell, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House, 547 U.S. at 536-37 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); accord McQuiggin, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)). "To be credible, a claim of actual innocence requires a petitioner to present 'new

9

reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Fontenot v. Crow, 4 F.4th 982, 1031 (10th Cir. 2021) (quoting Schlup, 513 U.S. at 324).

Harjo's actual innocence claim fails for several reasons. First, a "person cannot be actually innocent of a noncapital sentence." United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993) (concluding that petitioner's claim of actual innocence did not satisfy the fundamental miscarriage of justice exception because he sought only a shorter sentence, and he did not claim innocence of the offense). Second, Harjo reasons that because he was a juvenile at the time of the offense, he had "diminished culpability" rendering him actually innocent. See Dkt. # 1, at 12-14. This contention is, at best, one of legal innocence and insufficient to satisfy the actual innocence gateway. Beavers, 216 F.3d at 923. Third, Harjo also alleges that because only a small amount of the victim's blood was found on his person, he did not kill the victim. See Dkt. # 1, at 13-14. However, to access the actual innocence gateway, a petitioner must present new, reliable evidence. Fontenot, 4 F.4th at 1031. Harjo's allegations, without more, do not satisfy the demanding evidentiary requirements of the actual innocence exception. For these reasons, Harjo cannot proceed through the actual innocence gateway, and his petition is time-barred.

**III.     Conclusion**

The Court finds and concludes that Harjo's petition for writ of habeas corpus is time-barred. The Court therefore grants respondent's motion and dismisses the petition. The Court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate

the dismissal of the petition on statute-of-limitations grounds.  28 U.S.C. § 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the motion to dismiss (Dkt. # 8) is **granted**; the petition (Dkt. # 1) is **dismissed**; a certificate of appealability is **denied**; and a separate judgment of dismissal shall be entered in this matter.

**DATED** this 21st day of May, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE